IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ORVILLE GREEN,

            Petitioner,

v.                                                     CIVIL ACTION NO. 3:02-1348

THOMAS MCBRIDE, Warden,

            Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner's motion to reopen his federal habeas case (ECF No. 53). For the reasons stated below, the Court **GRANTS** Petitioner's motion, and **ORDERS** that his case be moved to the active docket.

Petitioner Orville Green filed an amended petition for habeas relief in July 2003. ECF No. 26. The magistrate judge issued Proposed Findings and Recommendations regarding the amended petition, recommending that it be denied because Petitioner had not exhausted his state court remedies. ECF No. 35. The magistrate further recommended that the case be moved to the inactive docket, to be reopened once Petitioner exhausted his state court remedies. Before seeking federal habeas relief, a petitioner must exhaust all state remedies. To fully exhaust state remedies for a given claim, the claim must have been raised in either a direct appeal of the underlying conviction to the West Virginia Supreme Court of Appeals or in an appeal of the denial of a state habeas petition.

1

This Court subsequently accepted the Proposed Findings and Recommendations. ECF No. 42. In doing so, this Court noted that "six (6) of the eleven (11) grounds raised by Petitioner in his habeas application were never presented to the West Virginia Supreme Court of Appeals." *Id.* at 5. Additionally, "many of Petitioner's claims contain numerous grounds and while the overarching claim may have been appealed to the West Virginia Supreme Court of Appeals, not all of those grounds contained in the claim were presented to the state's highest court for adjudication." *Id.* at 5-6. Therefore, Petitioner had not exhausted his state remedies. This Court then placed Petitioner's case on the inactive docket, to be reopened upon exhaustion of his state court remedies. The Court did so under the condition that, "[i]n order to address the time concerns reflected in the AEDPA [the Antiterrorism and Effective Death Penalty Act of 1996], the Petitioner must file a petition in state court to exhaust his claims within thirty (30) days from the date of this Order." *Id.* at 11.

This Court entered a subsequent order on February 26, 2009, finding good cause to extend the deadline for filing a new petition in state court and ordering Petitioner to file a new petition in state court to exhaust his state remedies within 30 days. ECF No. 50. Petitioner then timely filed a new petition in the Circuit Court of Wayne County, West Virginia. *See* Docket Sheet at Mar. 20, 2009, Case No. 09-C-048, Cir. Ct. Wayne Cnty., W. Va. Petitioner's case number 09-C-048 (the case number assigned to his new state habeas petition) was consolidated with case number 99-C-029 (the case number for his earlier state habeas proceedings) on August 24, 2010, to thereafter proceed under case number 99-C-029. *See* Docket Sheets, Case Nos. 99-C-029 & 09-C-048, Cir. Ct. Wayne Cnty., W. Va.

The Wayne County Circuit Court denied the new petition for habeas relief, and in doing so noted as follows:

> The Court upon the agreement of the parties in this matter accepted the Petitioner's federal petition for habeas corpus relief as an addendum to his current state court petition. Upon review of that filing the Court is of the opinion that claims two, three, four, five, six, nine, and ten were also included in his state court petition and thus have been addressed and denied previously in this Order.

Order Dismissing Post-Conviction Habeas Corpus Pet., Case No. 99-C-029, at 20 (Cir. Ct. Wayne Cnty. Nov. 16, 2011).

Petitioner appealed the denial of relief, arguing that "a searching review of the filings and record in this matter, including the federal filings which are incorporated into the current filings, clearly demonstrate that Mr. Green was harmed and was prejudiced multiple times by the mistakes of his attorneys as well as misconduct of the part of the prosecuting attorney." Pet'r's Reply Br. at 6. The West Virginia Supreme Court of Appeals, "having considered the parties' briefs and the record on appeal," affirmed denial of habeas relief on March 29, 2013. Petitioner then moved for his federal habeas case to be reopened. Case No. 3:02-cv-1348 (S.D. W. Va.), ECF No. 53.

This Court finds that Petitioner has properly exhausted his remedies in state court, and can now proceed with his federal petition for habeas relief. Petitioner incorporated the arguments that required exhaustion into his new state petition via addendum, and the posture of the Circuit Court appears to be a specific accommodation of this Court's request that Petitioner exhaust his state court remedies. *See* Order Dismissing Post-Conviction Habeas Corpus Pet. at 20 ("The Court upon the agreement of the parties in this matter accepted the Petitioner's federal petition for habeas corpus relief as an addendum to his current state court petition").

Furthermore, Petitioner appealed the Circuit Court's denial of relief, based on "a searching review of the filings and record in this matter, including the federal filings which are incorporated into the current filings." Although this Court earlier noted that "a review based on the full record does not exhaust claims not specifically contained in the petition," ECF No. 42 at 6 n.3, the parties' decision to incorporate the federal filings into the new state petition cures this defect. Petitioner has not only properly raised the necessary grounds in his petition to the Circuit Court, but also appealed those grounds to the West Virginia Supreme Court of Appeals. Respondent does not argue that it would be inappropriate to reopen Petitioner's case at this time, and the Court finds that the case should be reopened.

This Court finds that Petitioner has now properly exhausted his remedies in state court, and can proceed with this federal petition. The Court therefore **GRANTS** Petitioner's motion to reopen his federal habeas case (ECF No. 53), and **ORDERS** that his case be moved to the active docket.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: July 8, 2013

_____
ROBERT C. CHAMBERS, CHIEF JUDGE