IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ORVILLE GREEN,

        Petitioner,

v.                               CIVIL ACTION NO. 3:02-1348

DAVID BALLARD, Warden,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

This action brought pursuant to 28 U.S.C. § 2254 was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that Petitioner's Petition for a Writ of Habeas Corpus by a Person in State Custody (ECF No. 2) be **DENIED;** Respondent's Motion for Summary Judgment (ECF No. 7) be **GRANTED;** Petitioner's Motion to Withdraw, without prejudice, his motions and claims for damages and other relief (ECF No. 73) be **GRANTED**, and his motions and claims for damages and other relief (ECF Nos. 60, 62, 65, 70, 71, & 72) be **DENIED**, without prejudice, as withdrawn; and that this action be **DISMISSED** with prejudice and removed from the docket of the Court. Plaintiff, acting *pro se*, objects to some of these findings and recommendations. Upon *de novo* review of the findings and recommendations, the Court **DENIES** Plaintiff's objections (ECF No. 83) and **ADOPTS** and **INCORPORATES** the Proposed Findings and Recommendations of the Magistrate Judge (ECF No. 78).

I. Background

In October, 1997 Petitioner Orville Green was tried on fifteen counts of an indictment that charged him with crimes including incest, sexual assault, and sexual abuse of his daughter and stepson. ECF No. 27. The jury deadlocked and the trial judge declared a mistrial. ECF No. 27. A second trial took place in December, 1997. The jury in the second trial found Petitioner guilty on all fifteen counts. ECF No. 27. In 1998 Petitioner directly appealed his conviction to the West Virginia Supreme Court of Appeals. ECF No. 27. His petition for appeal was refused. ECF No. 27.

Petitioner then filed a petition for a writ of habeas corpus in state court and was appointed counsel. At the state habeas proceeding, the court instructed Petitioner that any ground not raised at that proceeding would be waived. ECF No. 27. Petitioner indicated that he understood this waiver. ECF No. 27. The court denied the petition on the merits. ECF No. 27. Petitioner appealed the denial of his state habeas action to the West Virginia Supreme Court of Appeals. ECF No. 27. His petition for appeal was refused.

In 2002, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody with this Court. ECF No. 2. Several of Petitioner's claims were not yet exhausted in state court. The Court ordered Petitioner to file a petition in state court in order to exhaust his claims. ECF No. 42. Petitioner filed a second state habeas petition in 2009. ECF No. 55. The petition was denied. ECF No. 51. Petitioner again appealed to the West Virginia Supreme Court of Appeals, which denied his claims and adopted the lower court's findings and conclusions. *Green v. Ballard*, No. 11-1696, 2013 WL1301324, at *13 (W. Va. Mar. 29, 2013). Finding that Petitioner exhausted his claims, this Court reopened Petitioner's federal habeas case in 2013.

Respondent has moved for summary judgment (ECF No. 7). Petitioner has also filed several motions in this matter, but subsequently moved to withdraw those motions. ECF No. 73. The Magistrate Judge recommends that this Court grant Petitioner's motion to withdraw, deny Petitioner's petition for a writ of habeas corpus, and grant Respondent's motion for summary judgment.

## II.     Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1), the Court must conduct a *de novo* review of any portion of the Magistrate Judge's report to which objection is timely made. As to those portions of the report to which no objection is made, the Magistrate Judge's report will be upheld unless it is "clearly erroneous" or "contrary to law." *See Webb v. Califano*, 468 F. Supp. 825, 828 (E.D. Cal. 1979) (citing 28 U.S.C. § 636(b)(1)(A)). Furthermore, the Court need not conduct a *de novo* review "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted).

## III.     Discussion

Petitioner has raised numerous objections to the Magistrate Judge's proposed findings and recommendations. Although his objections are not numbered, the Court understands the Petitioner to assert eleven separate objections. The Court addresses each of these objections in turn below.

### A.  Objection One: Sufficiency of the Evidence

Petitioner claims that the Magistrate Judge erred in finding that Petitioner has failed to show that there is insufficient evidence to support his conviction. ECF No. 83. Petitioner states

that the physical examination of the alleged results are "totally inconclusive," but then claims that "medically speaking" it "simply isn't possible" that his daughter was abused. ECF No. 83. Furthermore, he maintains that his stepson was a troubled child and "could have been . . . delusional." ECF No. 83. Petitioner also challenges the form of the evidence, stating that "a conviction based upon the alleged victims [sic] testimony only, is a self-perpetuating evil." ECF No. 83. Finally, Petitioner "question[s] the standard of review of this Magistrate." ECF No. 83.

The Magistrate Judge properly laid out the standard under which the sufficiency of the evidence is reviewed: the court must determine whether the state court's conclusion that the evidence was sufficient was an objectively unreasonable application of established federal law. 28 U.S.C. § 2254. The applicable law here comes from *Jackson v. Virginia*, 443 U.S. 307 (1979): "the Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Jackson*, 443 U.S. at 315. The Magistrate Judge correctly applied this standard and found that the state court was not unreasonable in concluding that a reasonable trier of fact could find that the evidence was sufficient to convict Petitioner. First, both children testified about the abuse clearly and consistently. *See* ECF No. 27, Ex. 4. Second, no ulterior motives for their accusations were presented to the jury. Third, the expert at trial testified that in most sexual abuse cases, there is no physical evidence found during the medical examination. ECF No. 27, Ex. 6. Accordingly, the Court agrees with the Magistrate Judge that the state court was not unreasonable in applying *Jackson* and finding the evidence sufficient to support Petitioner's conviction. This objection is therefore **DENIED**.

### B. Objection Two: Ineffective Assistance of Trial Counsel

Petitioner also objects to portions of the Magistrate Judge's findings with respect to his ineffective assistance of trial counsel claim. Petitioner raises numerous bases for this objection, each of which is discussed below.

#### 1. Double Jeopardy

Petitioner first contends that his trial counsel was ineffective because he "didn't even know the version of Crime his client was on trial for" and he failed to prevent a "direct violation" under the Double Jeopardy Clauses of the United States Constitution and West Virginia Constitution. ECF No. 83. This contention does not address the substance of the proposed findings and recommendations. Rather, it adds a new ground in support of Petitioner's claim that his trial counsel was ineffective. Petitioner did not raise this ground in his petition. *See* ECF Nos. 2 & 27. The Court thus finds this portion of the objection to be without merit.

#### 2. Applicable Standard of Review

Petitioner also argues that the "highly deferential" AEDPA standard used to review his ineffective assistance of counsel claim is "unfair on its face and cannot be Constitutional." Where a petitioner's claims have been adjudicated on the merits, the ADEPA standard must be applied under federal law. 28 U.S.C. § 2254 (2012). AEDPA requires the court to determine whether the state court's determination constitutes an unreasonable application of established federal law. *Id.* The relevant federal law here is the test set out in *Strickland v. Washington*, 466 U.S. 668 (1984) for ineffective assistance of counsel: the petitioner must show that his counsel's assistance was not "reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688.

Furthermore, the Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

Here, the Magistrate Judge noted that it may not be entirely clear whether each of Petitioner's grounds for claiming ineffective assistance of counsel was adjudicated on the merits. Accordingly, the Magistrate Judge reviewed Petitioner's claims *de novo* under *Strickland*, rather than under the more exacting AEDPA standard. ECF No. 78. The Magistrate Judge therefore applied the proper standards under federal law.

### 3. Failure to Provide Expert Testimony

Next, Petitioner claims that the Magistrate Judge erred in finding that his trial counsel was not ineffective because trial counsel should have presented an expert to rebut the state's expert testimony at trial, but failed to do so. ECF No. 83. The Court disagrees. The Magistrate Judge properly found that the state's expert "provided equivocal opinions at trial." ECF No. 78. The state's expert was not able to conclude, based on the medical evidence, whether the children had been sexually abused. ECF No. 27, Ex. 6. Because there was no specific expert testimony in favor of the prosecution that a second expert could rebut, trial counsel was reasonable in choosing not to call an expert. Moreover, Petitioner has not shown that, had an expert been called for the defense, there is a reasonable probability that the result of the trial would have been different.

### 4. Failure to Provide Psychological Evidence

Petitioner also claims that the Magistrate Judge erred because his trial counsel was ineffective in failing to present evidence of the children's psychological issues. ECF No. 83. Petitioner's trial counsel testified at the first state habeas proceeding that he chose not to

introduce such evidence because it would open the door for the state to claim that the children's issues were consistent with sexual abuse. ECF No. 27, Ex. 10. Petitioner bears a heavy burden in showing that his trial counsel's strategy was unreasonable. Under *Strickland*, trial strategy devised after counsel investigates the relevant law and facts is "virtually unchallengeable." *Bell v. Evatt*, 72 F.3d 421, 429 (4th Cir. 1995). Here, raising the topic of the children's psychological issues likely would have created the potential for unfavorable inferences against Petitioner. Accordingly, his trial counsel was reasonable in choosing to exclude this evidence. Petitioner has also failed to show that had such evidence been presented, there is a reasonable probability that the result of his trial would have been different.

### 5. Failure to Provide Medical Records

Petitioner argues that the Magistrate Judge erred because his trial counsel should have obtained the children's medical records and presented them at trial. ECF No. 83. Petitioner does not expand on this point but states that "even a layperson can see the error and the prejudice to the petitioner." As the Magistrate Judge correctly noted, Petitioner has failed to show what information is contained in the medical records and how they could have helped him at trial. *See* ECF Nos. 2 & 27. Accordingly, Petitioner cannot show that there is a reasonable probability that presenting those medical records to the jury would have changed the result of his trial.

### 6. Ex Parte Evidence

Petitioner further maintains that the Magistrate Judge improperly considered "ex parte" evidence. ECF No. 83. Petitioner objects to the consideration of trial counsel's testimony during the first state habeas proceeding. ECF No. 83. There, trial counsel testified that Petitioner's older daughters told him that Petitioner made sexual advances towards them. Petitioner argues

that this was an ex parte communication and "[n]o one knows if this was truly said or if it was just a cover-up for this Trial Attorney's ineffectiveness." ECF No. 83. The Magistrate Judge and this Court must evaluate the reasonableness of trial counsel's decisions based on the evidence before us, including that which was before the state court during the state habeas proceedings. Trial counsel testified under oath that he chose not to call Petitioner's daughters based on what they told him during his investigation. ECF No. 27, ex. 10. The Magistrate Judge did not err in considering this testimony.

### 7. Failure to Request *Perry* Instruction

Finally, Petitioner claims that the Magistrate Judge erred because the Petitioner was prejudiced by his trial counsel's failure to request a *Perry* instruction. ECF No. 83. ECF No. 83. According to Petitioner, no court can make determine whether this failure caused prejudice because "only the Jury knows" whether prejudice resulted. ECF No. 83. This objection does not address the substance of the proposed findings and recommendations. Petitioner did not raise the failure of his trial counsel to request a *Perry* instruction as a ground for ineffective assistance of counsel in his petition. *See* ECF Nos. 2 & 27. Accordingly, the Court finds this portion of the objection to be without merit. For the foregoing reasons, the Petitioner's objection is **DENIED**.

### C.  Objection Three: Ineffective Assistance of Appellate Counsel

Petitioner claims that several errors show that his appellate counsel was ineffective. ECF No. 83. Petitioner's objection does not address the Magistrate Judge's finding that his claim for ineffective assistance of appellate counsel was procedurally defaulted. As Petitioner has not objected to this finding, the Court reviews it for clear error. *See Webb* 468 F. Supp. at 828.

The Magistrate Judge correctly stated that a federal court cannot review a claim if the state court disposed of that claim based on "adequate and independent state-law grounds, unless the petitioner can show cause and prejudice for, or a fundamental miscarriage of justice resulting from, failure to comply with the applicable rule." *See Bostick v. Stevenson*, 589 F.3d 160, 164 (4th Cir. 2009). A ground is "adequate" if it is based on a rule or law that is established and consistently applied. *Id.* A ground is independent if it does not require the state court to rely on a federal constitutional ruling. *Brown v. Lee*, 319 F.3d 162, 169 (4th Cir. 2003). Here, the state court disposed of Petitioner's ineffective assistance of appellate counsel claim pursuant to West Virginia Code § 53-4A-1(c), which prohibits a petitioner from raising a ground for habeas corpus relief that he could have presented, but intelligently and knowingly failed to present, at an earlier proceeding. *See* W. Va. Code 53-4A-1(c). The Magistrate Judge properly concluded that this is an adequate and independent state ground for denying Petitioner's claim. *See Howard v. Ballard*, No. 5:08-112, 2009 WL 1872970, at *2 (N.D. W. Va. June 29, 2009); *see also Mu'Min v. Pruett*, 125 F.3d 192, 197 (4th Cir. 1997) (holding a similar rule in Virginia to be an adequate and independent state ground). Accordingly, the federal courts cannot review Petitioner's claim for ineffective assistance of appellate counsel unless he can show cause and prejudice or a fundamental miscarriage of justice. Petitioner has not even addressed the issue of procedural default and thus cannot meet his test. The Magistrate Judge's finding therefore does not constitute clear error and Petitioner's objection is **DENIED**.

### D. Objection Four: Ineffective Assistance of Habeas Counsel

Petitioner also states in his objections that his habeas counsel was ineffective and failed to raise several grounds for relief that Petitioner believes are applicable to his case. The

Magistrate Judge correctly cited 28 U.S.C. § 2254(i), which provides that "ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Accordingly, Petitioner has not asserted a cognizable ground for relief here and the objection is **DENIED**.

### E. Objection Five: Review on the Merits

Petitioner maintains that the West Virginia Supreme Court of Appeals did not review his conviction on the merits but rather refused to hear the petition. ECF No. 83. He states that this refusal denied him due process and equal protection under the law. ECF No. 83. This objection does not address the substance of the proposed findings and recommendations. Instead, it adds a new ground for relief that Petitioner did not raise in his petition. *See* ECF Nos. 2 & 27. The Court thus finds this objection to be without merit and the objection is **DENIED**.

### F. Objection Six: Insufficiency of the Indictment

Petitioner also argues that his indictment was insufficient because it was obtained based on hearsay evidence during a one-sided proceeding. ECF No. 83. Petitioner's objection essentially reargues the position he put forth in his petition. ECF No. 83. The Magistrate Judge properly concluded that the state court denied this objection on the merits and was not unreasonable in its application of the law. The Supreme Court has held that an indictment will not be dismissed simply because it was obtained on the basis of" inadequate or incompetent evidence." *Costello v. United States*, 350 U.S. 359, 363 (1956). The Court has also refused to quash an indictment where it was obtained using evidence acquired in violation of the Fifth Amendment, *see United States v. Blue*, 384 U.S. 251, 255 (1966) ("Even if we assume that the Government did acquire incriminating evidence in violation of the Fifth Amendment, Blue

would at most be entitled to suppress the evidence."), or where the prosecutor failed to disclose exculpatory evidence to the grand jury, *see United States v. Williams*, 504 U.S. 36, 51 (1992) ("[R]equiring the prosecutor to present exculpatory as well as inculpatory evidence would alter the grand jury's historical role, transforming it from an accusatory to an adjudicatory body."). Moreover, where a petit jury finds a defendant guilty, "error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt." *United States v. Mechanik*, 475 U.S. 66, 70 (1986). For these reasons, the state was not unreasonable in holding that Petitioner's indictment was sufficient. The objection is thus **DENIED**.

### G. Objection Seven: Prosecutorial Misconduct

Petitioner also raises an objection titled "Prosecutorial Misconduct," but under this heading challenges the Magistrate Judge's finding that his claim for ineffective assistance of appellate counsel is procedurally defaulted. ECF No. 83. Petitioner does not actually object to the Magistrate Judge's findings regarding prosecutorial misconduct. ECF No. 83. As explained in Section III.C above, the Magistrate Judge was correct in concluding that Petitioner's claim for ineffective assistance of appellate counsel has been procedurally defaulted. This objection is therefore **DENIED**.

### H. Objection Eight: Speedy Trial

Petitioner further objects to the Magistrate Judge's finding that the state court's denial of Petitioner's speedy trial claim was not an objectively unreasonable application of established law. The applicable law here is the Sixth Amendment, which guarantees criminal defendants the right to a speedy trial after indictment. To determine whether a delay violates the Sixth Amendment, the Court must balance four factors: "(1) the length of delay; (2) the reasons

therefor; (3) the timeliness and vigor of the assertion of the speedy trial guarantee; and (4) prejudice to the defendant." *United States v. Hall*, 551 F.3d 257, 271 (4th Cir. 2009). Before assessing the latter three factors, Courts must first determine "whether the length of the delay triggers a speedy trial inquiry." *Id.* Generally, courts will move on to assess the other three factors where delay has reached, or nearly reached, one year. *See id*.

Here, the Petitioner's first trial began approximately seven months after he was indicted, and his second trial started approximately nine months after he was indicted. Even presuming, as the Magistrate Judge did, that this length of time meets the threshold required by the first *Hall* factor, Petitioner has not demonstrated that the other three factors weigh in his favor. Looking to the second factor, Petitioner's trial counsel requested a continuance of the trial on multiple occasions. ECF No. 7, Ex. 11. Although counsel stated that he did so because the state failed to provide the defense with complete discovery, trial counsel also stated that he and his client were not in a hurry and needed time to prepare their case. ECF No. 27, Ex. 10.

As to the third factor, trial counsel stated that he did not raise the issue at trial. ECF No. 27, Ex. 10. Petitioner claims that he asserted his right to a speedy trial in pretrial motions. ECF No. 27. Those motions, however, requested to dismissal of the indictment before both trials based on delayed and inadequate discovery as well as alleged defects in grand jury testimony, not based on Petitioner's right to a speedy trial. ECF No. 27, Ex. 3. Petitioner did not assert his speedy trial claim until after the conclusion of his trial.

Finally, in determining the fourth factor, the Court must consider "(1) whether there was an oppressive pretrial incarceration; (2) the anxiety and concern suffered by the accused; and (3) the possibility that the defense was impaired." *Hall*, 551 F.3d at 272. Petitioner claims that the

delay caused him to be incarcerated for several months without adequate medical care. ECF No. 27. He also maintains that he experienced anxiety during his pretrial incarceration. ECF No. 27. Finally, he summarily states that his defense was impaired and prejudiced by the delay. ECF No. 27. Petitioner offers no specific details or evidence of prejudice beyond these broad assertions. Petitioner's conclusory arguments are not sufficient to demonstrate that he suffered any actual prejudice due to the seven month delay between his arrest and trial. Given that none of the four *Hall* factors tilt decidedly in Petitioner's favor, the Court agrees with the Magistrate Judge; the state court's denial of Petitioner's speedy trial claim was not an objectively unreasonable application of established law. Petitioner's objection is therefore **DENIED**.

### I. Objection Nine: *Brady* Violation

Petitioner also objects to the Magistrate Judge's findings with respect to the state court's denial of his *Brady* claim. The applicable law here, found in *Brady v. Maryland*, 373 U.S. 83 (1963), states that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." *Brady*, 373 U.S. at 87. To prove a violation of the Due Process Clause under *Brady*, the Petitioner must show (1) that the evidence at issue is favorable to the accused, (2) that the evidence was suppressed, willfully or inadvertently, by the state, and (3) that prejudice resulted. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). The Magistrate Judge properly found that Petitioner failed to demonstrate even the existence of the evidence he claims was suppressed. Furthermore, Petitioner has not proven that this evidence was exculpatory. *See* ECF No. 27. Petitioner objects, stating that he does not have the resources to investigate and obtain the allegedly suppressed records. ECF No. 83. This argument is unpersuasive. Petitioner's trial

counsel requested the allegedly suppressed documents before trial. ECF No. 27, Ex. 3. The state told the trial court that it gave trial counsel all of the exculpatory evidence in the state's possession, and that it did not have the specific evidence that Petitioner now claims was suppressed. ECF No. 27, Ex. 3. Accordingly, Petitioner was represented by counsel when he initially sought the allegedly exculpatory evidence and had the opportunity to investigate the evidence at that time. He was also represented by counsel during his subsequent state habeas proceedings. ECF No. 27. The fact that Petitioner is currently without counsel does not excuse his failure to show that the evidence at issue ever existed. The state's denial of Petitioner's claim was thus not an unreasonable application of law and Petitioner's objection is **DENIED**.

### J. Objection Ten: Double Jeopardy

Petitioner objects to the Magistrate Judge's finding that his double jeopardy claim is procedurally defaulted. ECF No. 83. First, he argues that the failure of his attorneys to raise this ground earlier proves ineffective assistance of counsel. ECF No. 83. Petitioner's ineffective assistance of counsel claims have been addressed in full in the preceding sections. Second, he states that double jeopardy is a critical error and if the Court does not address it, "manifest injustice" will result. ECF No. 83. As previously discussed, West Virginia Code § 53-4A-1(c), which prohibits a petitioner from raising a ground for habeas corpus relief that he could have presented, but knowingly failed to present, at an earlier proceeding, is an independent and adequate state ground. *See Howard v. Ballard*, No. 5:08-112, 2009 WL 1872970, at *2 (N.D. W. Va. June 29, 2009). The state court applied this rule and determined that Petitioner waived his right to raise double jeopardy as a ground for habeas relief. *Green v. Ballard*, No. 11-1696, 2013 WL1301324, at *10 (W. Va. Mar. 29, 2013). Thus, this Court cannot review the claim unless

Petitioner can show cause and prejudice or a fundamental miscarriage of justice. *Bostick v. Stevenson*, 589 F.3d 160, 164 (4th Cir. 2009). Neither his petition nor his objections contain any arguments or evidence demonstrating cause and prejudice or a miscarriage of justice. Petitioner's objection is therefore **DENIED**.

### K. Objection Eleven: Appointment of Counsel and Evidentiary Hearing

Finally, throughout his objections, Petitioner requests an evidentiary hearing and appointment of counsel. ECF No. 83. This portion of the objections fails to address the proposed findings and recommendations. Moreover, Petitioner twice moved for appointment of counsel but his motions were denied, without prejudice, by the Magistrate Judge because Petitioner failed to demonstrate exceptional circumstances that would warrant such an appointment. *See* ECF Nos. 10, 11, 19, & 21. Petitioner has not since renewed his motion, nor has he requested an evidentiary hearing before now. For these reasons, this objection is without merit and is **DENIED**.

### Conclusion

For the foregoing reasons, the Court **ADOPTS** and **INCORPORATES** herein the Findings and Recommendations of the Magistrate Judge (ECF No. 78); **DENIES** Petitioner's Objections (ECF No. 83); **DENIES** Petitioner's Petition for a Writ of Habeas Corpus by a Person in State Custody (ECF No. 2); **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 7); **GRANTS** Petitioner's Motion to Withdraw, without prejudice, his motions and claims for damages and other relief (ECF No. 73); **DENIES**, **WITHOUT PREJUDICE**, **AS WITHDRAWN** Petitioner's motions and claims for damages and other relief (ECF Nos. 60, 62, 65, 70, 71, & 72); and **DISMISSES** this action **WITH PREJUDICE**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: April 10, 2015

_____
ROBERT C. CHAMBERS, CHIEF JUDGE